IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTHA RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 3419 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| DYNAMESH, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Martha Rodriguez has sued defendant Dynamesh, Inc., alleging age

discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

U.S.C. §§ 621-634, and race discrimination in violation of Title VII, 42 U.S.C. § 2000(e), et seq..

Defendant has moved pursuant to Fed. R. Civ. P. 56 for partial summary judgment on plaintiff's

ADEA claim only. For the reasons stated below, defendant's motion for partial summary

judgment is denied.

**BACKGROUND**

Defendant is in the screen printing supply business. In March 2006, defendant hired

plaintiff, a 61-year-old Hispanic female. Plaintiff alleges that, in 2014, defendant treated her

differently than non-Hispanic, younger co-workers with respect to promotions, terms and

conditions of employment, and discipline. Then, on January 21st of that year, defendant

terminated plaintiff. According to plaintiff, both her age and race motivated defendant's

discriminatory treatment.

During 2013 and 2014, defendant had between fifteen and sixteen regular employees on

its payroll. During that same period, ClearStaff, Inc., a staffing agency, supplied defendant with

eight temporary workers. Defendant assigned all eight to the position of Production Operator and

had Yuhi Ogawa, the Production Manager, oversee their work. Four of the workers continually provided services to defendant between January 3, 2013 and December 5, 2014. The other four workers provided services at different times throughout the period. The parties dispute whether these temporary workers were defendant's employees within the meaning of the ADEA.

## DISCUSSION

Defendant has moved for partial summary judgment pursuant to Fed. R. Civ. P. 56. Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. Pro. 56.  The movant bears the burden of establishing both elements, Becker v. Tenenbaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir. 1990), and all reasonable inferences are drawn in favor of the non-movant,  Jones v. Illinois Bell Tel. Co., 2013 WL 5781814, at *3 (N.D. Ill. Oct. 24, 2013) (citing Fisher v. Transco Services-Milwaukee Inc., 979 F.2d 1239, 1242 (7th Cir. 1992)).  If the movant satisfies the burden, then the non-movant must set forth specific facts showing there is a genuine issue for trial.  Nitz v. Craig, 2013 WL 593851, at *2 (N.D. Ill. Feb. 12, 2013).  In doing so, the movant cannot simply show that there is some metaphysical doubt as to the material facts.  Pignato v. Givaudan Flavors Corp., 2013 WL 995157, at *2 (N.D. Ill. Mar. 13, 2013) (citing Matsushita Elec. Indus. Co., v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

In support of its motion for partial summary judgment, defendant argues that it was not an "employer" under the ADEA because it had less than twenty employees during 2013 and 2014. The ADEA applies only to "employers." Croft v. Inlight Risk Mgmt., Inc., 2002 WL 31010830, at *2 (N.D. Ill. Sept. 9, 2002). An "employer" is "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty

or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). Because plaintiff alleges that defendant discriminated against her during 2014, plaintiff cannot prevail unless defendant had twenty or more employees for twenty or more weeks during 2013 or 2014. During both years, defendant had sixteen or fewer employees who appeared on its payroll every week. However, both parties agree that the twenty-employee threshold would be satisfied if defendant's temporary workers were employees.

"[T]he employment relationship is most readily demonstrated by the individual's appearance on the employer's payroll." Walters v. Metro. Educ. Enters., 510 U.S. 202, 206 (1997).[1]  Therefore, payroll records are "usually the starting point to determine whom the defendant employed during the relevant period." Smith v. Castaways Family Diner, 453 F.3d 971, 987 (7th Cir. 2006). But payrolls are not, as defendant claims, the end all and be all; indeed, "absence from the payroll . . . does not necessarily ring the death knell." Stone v. Indiana Postal & Fed. Employees Credit Union, 2005 WL 2347226, at *3 (N.D. Ind. Sept. 26, 2005). Rather, "the ultimate touchstone . . . is whether an employer has employment relationships." Walters, 510 U.S. at 212; see also U.S. E.E.O.C. v. Custom Companies, Inc., 2007 WL 734395, at *6 (N.D. Ill. Mar. 8, 2007) on reconsideration in part, 2007 WL 1810495 (N.D. Ill. June 21, 2007) ("Whether an employer employs workers via its own payroll, or hires these employees through an employment agency or other joint employer, it seems that these workers should count in an assessment of the employer's size[.]"); Stone, 2005 WL 2347226, at *3 ("[W]hat is ultimately critical is . . . whether an underlying 'employment relationship' exists."). Thus,

---

[1] The ADEA's definition of "employer" is "essentially identical to Title VII's." U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1280 n.1 (7th Cir. 1995).

"temporary workers may be considered . . . temporary employees and thus included in the count toward the . . . employee threshold[.]" Stone, 2005 WL 2346226, at *3.

"[T]o be counted as an 'employee,' a person must have an 'employment relationship' under the traditional principles of agency law." Abbott v. Minooka Volunteer Fire Dep't, 1998 WL 102719, at *3 (N.D. Ill. Feb. 25, 1998)[2]; see also Custom Companies, Inc., 2007 WL 734395, at *6; Stone, 2005 WL 2347226, at *3. This analysis requires the consideration of five factors: "(1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work; (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace; (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations, (4) method and form of payment and benefits, and (5) length of job commitment and/or expectations." Abbott,1998 WL 102719, at *3. "Among these factors, the employer's right to control is the most important when determining whether an individual is an employee or an independent contractor." Ost v. W. Suburban Travelers Limousine, Inc., 88 F.3d 435, 438 (7th Cir. 1996) (internal quotation marks omitted).

Defendant fails to address any of these five factors. Thus, the Court's discussion of each will be brief. Three of the factors clearly indicate that the temporary workers were employees. First, defendant exerted signification control over temporary workers by tracking their time,

---

[2]Defendant unsuccessfully attempts to distinguish Abbott. First, defendant notes that the composition of its temporary workforce changed over two years. This is relevant only if defendant is attacking the twenty-week requirement, which it is not doing.  Second, defendant argues that Abbott is irrelevant because none of the temporary workers in this case suffered discrimination. But this fact issue has no bearing on whether the workers are "employees" within the meaning of the ADEA.

controlling their schedule, supervising their work, subjecting them to its workplace rules and policies, retaining the discretion to transfer them to a new department or change their work duties, conducting semi-annual performance reviews, and exercising some control over their raises and salaries. Second, their work as Production Operators mostly involved manual labor, and defendant taught them all the necessary skills. Third, defendant provided all the tools and equipment they used. The fifth factor weighs only slightly in plaintiff's favor.  Although the record does not extensively reveal how the temporary workers' job commitment or expectations differed from those of defendant's at-will employees, defendant did continually employ half the temporary workers during 2013 and 2014, a relatively significant commitment. Only the fourth factor clearly weighs in defendant's favor because ClearStaff, not defendant, paid the temporary workers. Considered together, these factors establish that the temporary workers were employees.

Defendant contends that the court cannot look to the employment relationships of the temporary workers if such an analysis will lead to the conclusion that the temporary workers are joint employees.[3] But "[t]he joint employer theory of liability is equally applicable in the context of Title VII and the ADA," Brown v. City of N. Chicago, 2006 WL 1840802, at *7 (N.D. Ill. June 28, 2006), and, thus, in the context of the ADEA. See also Snowwhite v. IBEW Local 117 Joint Apprenticeship & Training Fund, 2013 WL 3754622, at *9 (N.D. Ill. July 16, 2013)

---

[3]Defendant also contends that aggregation is improper under Papa v. Katy Indus. Inc., 166 F.3d 937, 940 (7th Cir. 1999). Papa involved a parent-subsidiary relationship and has been applied to affiliated corporations. Custom Companies, Inc., 2007 WL 734395, at *4. Defendant has failed to provide this court with a sufficient basis to extend Papa to the joint employer context when "the Seventh Circuit has not held that aggregation is improper." Id. at *6. Further, courts in this district have already found that "aggregation of sufficiently controlled temporary or leased employees is the correct conclusion." Id.

("[D]istrict courts within the circuit and other circuits courts of appeal have found that a joint employer theory is cognizable under the ADEA."). Indeed, the Seventh Circuit has already "recognized joint employer status between a temporary services agency and its client in the labor law context, where two employers exert significant control over the same employees." See Piano v. Ameritech/SBC, 2003 WL 260337, at *5 (N.D. Ill. Feb. 5, 2003) (citing National Labor Relations Bd. v. Western Temp. Servs. Inc., 821 F.3d 1258, 1266 (7th Cir. 1987); see also Clifford v. Patterson Companies, Inc., 2009 WL 3852447, at *9 (N.D. Ill. Nov. 18, 2009).

Indisputably, plaintiff has provided some basis for concluding that defendant's temporary workers were employees. Defendant has failed to refute this showing. Thus, defendant has failed to satisfy its burden.

## CONCLUSION

For the foregoing reasons, defendant's motion for partial summary judgment is denied.


**ENTER:**      **February 24, 2015**


_____
     **Robert W. Gettleman**
     **United States District Judge**